UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID HARRELL, | ) | CASE NO. 1:14 CV0056 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STATE OF OHIO, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff David Lamar Harrell filed the above-captioned *in forma pauperis* civil action against the State of Ohio and CCA Lake Erie Correctional Institution ("LECI"). Mr. Harrell, who is incarcerated in Carson City, Nevada, alleges the defendants violated his civil rights. He seeks $200,000.00 in damages. For the reasons set forth below, the Complaint is dismissed.

*Background*

Mr. Harrell, who describes himself as "a mentel [sic] and physical patient" (Doc. No. 1 at 4), alleges the Defendants put him in a holding cell with no running water or toilet.[1] For three days, he

---

[1]Although Mr. Harrell does not state where he was held at the time, the Court presumes he was detained at LECI.

was allegedly required to use a "trash bag" for bodily waste and was not able to shower during this time because "the hole was in fact full." (Doc. No. 1 at 3). It also took three days before his "meds" were reserved.[2] He does not disclose on what date these acts allegedly occurred.

During the period in which Mr. Harrell was detained in the holding cell at LECI, a "state investigator came around" and took a statement from him. This allegedly prompted LECI to release him from the holding cell. Mr. Harrell claims there were "no write ups" despite the fact that over "20 officers were asked about this." (Doc. No. 1 at 3). However, he does state he filed an "informal grievance" that was granted.

Ultimately, Mr. Harrell seeks monetary damages; and, "for this to never happen to another inmate." (Doc. No. 1 at 5).

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[3] 28 U.S.C. §1915A; *Onapolis v. Lamanna*,

---

[2]Mr. Harrell does not describe his medication or what injury he may have suffered without them.

[3]The relevant statute provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

70 F.Supp.2d 809 (N.D.Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

*Failure to State a Claim*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

Mr. Harrell alleges the Defendants violated his civil rights. To prevail in a civil rights action, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived him

---

complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

28 U.S.C. §1915A(b)(1)(2009)

or her of a right secured by the Constitution and law of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). The statute by itself, as set forth under 42 U.S.C. §1983, does not create substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute will only apply if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States. *Baker*, 443 U.S. at 140.

Mr. Harrell does not identify a single constitutional basis for the defendants' liability in this case. It is not sufficient to assert a generic deprivation of constitutional rights. Even liberally construing his *pro se* complaint as an Eighth Amendment claim of cruel and unusual punishment, the plaintiff cannot proceed.

Prisoners asserting cruel and unusual punishment must establish that prison officials have shown deliberate indifference to their needs. *Wilson v. Seiter*, 501 U.S. ___, 111 S.Ct. 2321 (1991). Prison officials may not deprive inmates of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337. 348 (1981). Mr. Harrell does not name any prison official who demonstrated deliberate indifference to his needs. Instead, he seeks to hold the State of Ohio and CCA LECI liable for violating his Constitutional rights.

Section 1983 will not support a claim based upon a theory of respondeat superior alone. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of

official policies or customs. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Mr. Harrell does not allege the treatment he received reflects the official policy of the State of Ohio or CCA LECI. Although *Monell* extends to patterns of misconduct in which the supervisor acquiesced, *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982), Mr. Harrell alleges he filed an informal grievance that was granted. This does not support any claim suggesting a policy of deliberate indifference. *See also, Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

Even liberally construed, the complaint does not contain any allegations connecting the defendants to the asserted violation of Mr. Harrell's federally protected rights, or reasonably suggesting that they encouraged, acquiesced in, or established policies resulting in the violation of such rights.

*Conclusion*

Based on the foregoing, Mr. Harrell's Motion to Proceed *in forma pauperis* (Doc. No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Donald C. Nugent 7/23/14
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

[4]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."